Erik **BONAR; et al., Petitioners,**

v.

Michael B. **MUKASEY, Attorney General, Respondent.**

No. 02–74298.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.[*]

Filed Sept. 5, 2008.

Erik Bonar, Montclair, CA, pro se.

Tjoei Lan Wong, Upland, CA, pro se.

Yuliana Bonar, Upland, CA, pro se.

Ricky Bonar, Upland, CA, pro se.

Raymond Bonar, Upland, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Genevieve Holm, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM [**]

Erik Bonar, his wife Tjoei Lan Wong, and their children, all natives and citizens of Indonesia, seek review of the Board of Immigration Appeals' decision summarily affirming an immigration judge's order denying their application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Sael v. Ashcroft,* 386 F.3d 922, 924 (9th Cir.2004), and we deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of petitioners' asylum application, and accordingly we deny petitioners' asylum claim. *See* 8 C.F.R. § 1208.4(a)(4) and (5); *Ramadan v. Gonzales,* 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam).

We deny petitioners' withholding of removal claim because the record does not compel a finding that the Indonesian government was unable or unwilling to control the perpetrators of the December 1988 robbery and assault, *see Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir.2005), and the other incidents do not compel a finding of harm rising to the level of persecution, *see Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003). Furthermore, even if the disfavored group analysis set forth in *Sael* applies in the context of withholding of removal, petitioners have

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not set forth evidence compelling a finding of a clear probability of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003).

Petitioners have "not advanced any arguments in support of [their] claim for relief under the Convention Against Torture" and therefore we conclude that they have waived this ground for relief. *See Husyev v. Mukasey,* 528 F.3d 1172, 1183 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.